IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

TEVAS HILL,                    )
                              )
            Movant,           )
                              )
v.                            )        Civil Action No. 1:18-00339
                              )        Criminal Action No. 1:09-00117
UNITED STATES OF AMERICA,     )
                              )
            Respondent.       )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Amended Section 2255 Motion. (Document No. 52.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 53.)

## FACTUAL BACKGROUND

1.      **Criminal Action No. 1:09-00117:**

On September 14, 2009, Movant pled guilty to Count Six of the Indictment charging him with possession with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1). (Criminal Action No. 1:09-00117, Document Nos. 29, 31 – 32.) A Presentence Investigation Report was prepared. (Id., Document No. 45.) The District Court determined that Movant had a Base Offense Level of 32, and an offense level of 34 after applying a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon. (Id., Document No. 45, pp. 17 – 18 and Document No. 43.) The District Court then determined Movant was a career offender pursuant to U.S.S.G. § 4B1.1(a) based upon the following: (1) A conviction

on October 10, 1997, in Mercer County for possession with intent to deliver a Schedule II Controlled Substance (crack cocaine); and (2) A conviction on April 24, 1997, in Mercer County for possession with intent to deliver a Schedule I Controlled Substance (marijuana). (Id.) Although Movant was determined to be a career offender, his offense level remained at 34. (Id.) Finally, the District Court determined that Movant was entitled to a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). (Id.) Therefore, the District Court determined that Movant's Base Offense Level was 32, his Total Offense Level was 31, and his Criminal History Category was VI. (Id.) The District Court sentenced Movant on January 25, 2010, to serve a 188-month term of incarceration to be followed by a six-year term of supervised release. (Id., Document Nos. 38 and 42.) The District Court also imposed a $100 special assessment. (Id.) Movant did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

On September 13, 2010, Movant filed a letter-form Motion requesting transcripts of record. (Id., Document No. 49.) By Order entered on September 27, 2010, the District Court granted in part and denied in part Movant's Motion. (Id., Document No. 50.) Specifically, the District Court directed the Clerk to provide Movant with a copy of his Indictment (Document No. 1), Arrest Warrant (Document No. 4), Enhancement Information (Document No. 25), and a copy of the Docket Sheet. (Id.) The District Court directed trial counsel to review the motion and his case file and "provide to Defendant the relevant legal documents." (Id.) To the extent Movant requested his sentencing hearing transcript, the District Court denied his Motion. (Id.) By Order entered on September 30, 2010, United States Magistrate Judge R. Clarke VanDervort noted that Movant appeared to intend to file a Section 2255 Motion and directed the Clerk to provide Movant with the appropriate forms. (Id., Document No. 51.) Judge VanDervort further advised Movant of the applicable statute of limitations for filing a Section 2255 Motion. (Id.)

2

2.    **Challenge to Predicate State Conviction:**

On June 1, 2015, Movant, acting *pro se*, filed in the Circuit Court of Mercer County a "Motion for Writ of Error Coram Nobis by Tevas J. Hill to Dismiss the Marijuana Charge." (Id., Document No. 61-11.) In his Petition, Movant challenged the validity of his conviction for possession with intent to deliver a Schedule I Controlled Substance, to wit: Marijuana in Case No. 97-F-10. (Id.) First, Movant argued that "the facts as stated by Patrol Officer Compton establishes that Petitioner was in possession of 1.53 grams of marijuana, which is a misdemeanor offense subject to dismissal." (Id.) Second, Movant claimed that "Patrol Officer Compton found the 1.53 grams of marijuana in Petitioner's jacket pocket, which constitutes there was no intent to deliver." (Id.) Finally, Movant argued that he "did not get put on notice that he would be given a recidivist enhancement in the future for the plea on April 24, 1997." (Id.)

On October 14, 2015, Movant, by counsel, filed his "Amended Petition for and Memorandum in Support of Entry of Writ of Error *Coram Nobis*." (Id., Document No. 61-12.) Citing State v. Hutton, No. 14-0603 (June 16, 2015), counsel first argued that the West Virginia Supreme Court had clarified that Writ of Error *Coram Nobis* is available as a common law writ for criminal actions alleging constitutional error. (Id.) Second, counsel asserted that Movant was denied effective assistance of counsel when he was not properly advised of the full consequences of his plea of guilty to the charge in this matter, such as the possibility of enhancement should he receive further federal charges. (Id.) Third, counsel claimed that the "small amount of marijuana in [Movant's] possession would not support a delivery charge." (Id.) Finally, counsel incorporated by reference Movant's *pro se* Writ of Error *Coram Nobis*. (Id.)

By "Agreed Order" filed on October 27, 2017, the Circuit Court of Mercer County granted Movant's Petition for Writ of *Corum Nobis*. (Id., Document No. 61-13.) Specifically, the Order

provided, in pertinent part, as follows (Id.):

> Petitioner had filed a Petition for Writ of *Corum Nobis* alleging that he had not been fully apprised of the consequences of his plea of guilty in Criminal Case No. 97-F-10. The parties hereby agree and stipulate that pursuant to *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) and progeny, Mr. Hill was not properly apprised of the effects of his plea of guilty.

**3.    Section 2255 Motion:**

On February 21, 2018, Movant, by counsel, filed his instant "Motion for Relief Pursuant to 28 U.S.C. § 2255." (Civil No. 5:16-10401, Document No. 54.) As grounds for *habeas* relief, Movant alleges that the District Court erred in determining Movant qualified as a career offender pursuant U.S.S.G. 4B1.1. (Id.) Movant explains that the District Court determined that he was qualified as a career offender based upon two prior convictions for controlled substance offenses. (Id.) Movant, however, contends that "[o]n October 27, 2017 the Circuit Court of Mercer County, West Virginia, entered an order in Case No. 15-c-353, granting defendant a Writ of *Coram Nobis*, vacating his conviction in Case No. 97-F-10, and dismissing such case with prejudice." (Id.) Movant explains that "[t]he conviction vacated by Mercer County Circuit Court referenced above was one of the predicate convictions upon which defendant was determined to be career offender." (Id.) Movant argues that the vacation of the above State court conviction renders Movant's designation and sentencing as a career offender invalid. (Id.) Movant claims that "upon resentencing a recalculation of the applicable sentencing guidelines should result in a reduction in petitioner's sentence." (Id.) As relief, Movant requests that the Court vacate his prior sentence and resentence Movant based upon the "resulting change to his status as a career offender and its adjustments to any applicable criminal history, and offense conduct."[1]  (Id.)

---

[1] At the time of sentencing, Movant's Total Offense Level would have remained unchanged by the lack of the career offender enhancement. Movant's Criminal History points, however, would

As an Exhibit, Movant attaches a copy of the "Agreed Order" from the Circuit Court of Mercer County granting Movant's Petition for Writ of *Corum Nobis* concerning his conviction for possession with intent to deliver a Schedule I Controlled Substance, to wit: Marijuana, in Case No. 97-F-10. (Id., Document No. 52-1.)

By Order entered on February 26, 2018, the undersigned directed the United States to file an Answer. (Id., Document No. 55). On April 27, 2018, the United States filed its Response to Movant's Section 2255 Motion. (Id., Document No. 61.) The United States argues that Movant's Motion must be dismissed based on the following: (1) Movant's challenge to his career offender designation is not cognizable collateral review (Id., pp. 8 – 12.); (2) Movant's Section 2255 Motion is untimely (Id., pp. 12 – 18.); and (3) Movant waived his right to pursue a collateral attack (Id., pp. 18 – 21.).

As Exhibits, the United States attached the following: (1) A copy of the Docket Sheet for Criminal Action No. 1:09-cr-00117 (Id., Document No. 61-1.); (2) A copy of the transcripts for Movant's Plea Hearing in Criminal Action No. 1:09-cr-00117 (Id., Document No. 61-2.); (3) A copy of the Judgment in a Criminal Case as filed in Criminal Action No. 1:09-cr-00117 (Id.,

---

have been reduced by 3 points with the removal of the vacated State conviction resulting in a total of 10 Criminal History points. Thus, Movant's Criminal History Category would have been reduced from a Category VI to a Category of V. A Total Offense Level of 31, and Criminal History Category of V, results in an advisory Guideline range of 168 to 210 months of imprisonment. At sentencing, the District Court determined Movant had a Total Offense Level of 31, and a Criminal History Category of VI, resulting in an advisory Guideline range of 188 to 235 months of imprisonment. The District Court sentenced Movant to 188 months of imprisonment, which is clearly within the Guideline range with the revised Criminal History Category of V. The undersigned acknowledges that without the career offender enhancement, Movant would now qualify for the retroactive application of the amendment to the Sentencing Guidelines regarding cocaine base offenses. Also, the United States acknowledges that with the retroactive application of the Sentencing Guidelines regarding cocaine base offenses, Movant's adjusted offense level would be 29 with a Criminal History Category of V, resulting in an advisory Guideline range of 140 to 175 months.

Document No. 61-3.); (4) A copy of the transcripts for the Sentencing Hearing in Criminal Action No. 1:09-cr-00117 (Id., Document Nos. 61-4 and 61-5.); (5) A copy of Movant's Plea Agreement as filed in Criminal Action No. 1:09-cr-00117 (Id., Document No. 61-6.); (6) A copy of a letter from Movant addressed to this Court dated May 4, 2010, requesting a copy of the Docket Sheet for Criminal Action No. 1:09-cr-00117 (Id., Document No. 61-7); (7) A copy of the Court's Response letter to Movant dated May 11, 2010, providing him with a copy of the Docket Sheet (Id., Document No. 61-8.); (8) A copy of Movant's "Motion Requesting Transcripts of Records" filed on September 13, 2010, in Criminal Action No. 1:09-cr-00117 (Id., Document No. 61-9.); (9) A copy of this Court's Order providing Movant with a form Section 2255 Motion and notifying Movant of the statute of limitations for the filing of a Section 2255 (Id., Document No. 61-10.); (10) A copy of Movant's *pro se* "Motion for a Writ of Error Coram Nobis by Tevas J. Hill to Dismiss the Marijuana Charge" as filed in the Circuit Court of Mercer County in Case No. 97-F-10 on June 1, 2015 (Id., Document No. 61-11.); (11) A copy of Movant's "Amended Petition for and Memorandum in Support of Entry of Writ of Error *Coram Nobis*" as filed by counsel in the Circuit Court of Mercer County in Case No. 97-F-10 on October 14, 2015 (Id., Document No. 61-12.); and (12) A copy of the "Agreed Order" granting Movant's Petition for Writ of Error *Coram Nobis* as filed in the Circuit Court of Mercer County in Case No. 97-F-10 on October 27, 2017 (Id., Document No. 61-13.).

On June 18, 2018, Movant, by counsel, filed his Reply. (Id., Document No. 65.) First, Movant argues this his Section 2255 Motion is timely. (Id., pp. 1 – 4.) Second, Movant contends that his claim is cognizable under Section 2255. (Id., pp. 4 – 9.) Finally, Movant asserts that his plea waiver does not preclude the relief sought. (Id., pp. 9 – 11.)

## DISCUSSION

1.    __Timeliness:__

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f). Movant's Judgment Order was entered on February 3, 2010, and his sentence became final 14 days later when he did not file a Notice of Appeal (February 17, 2010). On February 21, 2018, more than seven years after the one-year period expired, Movant filed the instant Motion raising issues challenging his sentence in Criminal Action No. 1:09-00117. (Civil Action No. 1:18-0339, Document No. 52.) Movant's Motion is clearly untimely under Section 2255(f)(1). Therefore, Movant's Motion is untimely unless one of Section 2255(f)'s other subsections applies.

Movant argues that Section 2255(f)(4) applies based on the discovery of "new evidence." (Civil Action No. 1:18-00339, Document No. 65, pp. 1 - 2.) Movant states that he filed his Section

7

2255 Motion "within a short period of time of the occurrence of conditions which give the motion foundation." (Id.) Movant explains that "[o]n October 27, 2017, the Mercer County Circuit Court entered an order vacating Mr. Hill's conviction in Case Number 97-F-10, for Possession with Intent to Distribute Marijuana." (Id.) Citing Johnson v. United States, 544 U.S. 295, 302, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005), Movant argues that a state court's vacatur of a predicate conviction is a new "fact" for purposes of Section 2255(f)(4). (Id.) Movant states that within three months of the above Order, Movant filed his Section 2255 Motion. (Id.)

In Response, the United States asserts that Movant's claim would have been timely under Section 2255(f)(4) if Movant would have filed his Motion "within a year of the date on which the facts supporting his claim could have been discovered through the exercise of due diligence." (Id., Document No. 61, pp. 14 – 15.) The United States, however, argues that Movant cannot meet the requires of Section 225(f)(4) because he failed to exercise due diligence. (Id.) The United States notes that the vacatur of Movant's State conviction was based upon Padilla and its progeny. (Id.) The United States argues that Movant "did not take action to seek vacatur of his state conviction until five years after the Supreme Court decided Padilla. (Id.) Thus, the United States contends that Movant did not exercise due diligence. (Id.)

In Reply, Movant argues that he was diligent in his pursuit for relief in State court. (Id., Document No. 65, pp. 2 – 4.) Movant states that "the government in its position fails to appreciate the circumstance of Mr. Hill's case and the difficulty in the timing of his ability to bring a challenge to his state court conviction which would have presented a reasonable prospect for success." (Id.) Movant explains that the West Virginia Supreme Court of Appeal "first recognized the application of Padilla to a West Virginia state court matter in State of West Virginia v. Hutton, No. 14-0603 (W.Va. June 16, 2015)." (Id.) Movant asserts that "[p]rior to Hutton, it may have been seen as less

8

than clear, especially to the layperson untrained in the law, that West Virginia Court would give correct and full application to <u>Padilla</u>, let alone recognize its extension beyond the immigration context." (<u>Id.</u>) Movant further argues that the in <u>Hutton</u>, the West Virginia Supreme Court clarified that "the common law writ of error *Coram Nobis* is available only in criminal proceedings." (<u>Id.</u>) Movant, therefore, argues that "before the <u>Hutton</u> decision, it was patently unclear that the common law writ Mr. Hill required was even available." (<u>Id.</u>) Based upon the foregoing, Movant argues that he was diligent in his pursuit for relief in State court. (<u>Id.</u>)

In <u>Johnson v. United States</u>, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005), the United States Supreme Court held that "[i]n a case in which a prisoner collaterally attacks his federal sentence on the ground that a state conviction used to enhance that sentence has since been vacated, § 2255(4)'s 1-year limitation period begins to run when the petitioner receives notice of the order vacating the prior conviction, *provided that he has sought it with due diligence in state court after entry of judgment in the federal case in which the sentence was enhanced*." <u>Johnson</u>, 544 U.S. at 296, 125 S.Ct. at 1573(emphasis added). The Supreme Court, however, rejected "Johnson's position that his § 2255 petition [was] timely under paragraph four as long as he brings it within a year of learning he succeeded in attacking the prior conviction, no matter how long he may have slumbered before starting the successful proceedings." <u>Id.</u> The Supreme Court stated that a petitioner must act with "due diligence" in discovering the crucial fact of a vacatur order that he seeks by taking "prompt action as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence." <u>Id.</u>, 544 U.S. at 297, 125 S.Ct. at 1574. The Supreme Court explained that "from the date the District Court entered judgment in his federal case, Johnson was obliged to act diligently to obtain the state-court order vacating his predication conviction." <u>Id.</u> The Supreme Court determined that Johnson did

9

not exercise due diligence in seeking a state court order vacating his predicate conviction because Johnson failed to file a state *habeas* petition until more than three years after entry of the judgment in his federal case. Id.(noting that even if the Court calculates the delay from the date Johnson's federal sentence became final, Johnson's 21 month delay also failed to constitute reasonable diligence). Finally, the Supreme Court noted that Johnson's delay would not be excused based upon his *pro se* status and lack of sophistication to understand the procedures. Id. Specifically, the Supreme Court stated that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy call for promptness." Id. The Supreme Court, therefore, determined that Section 2255(4) was unavailable to Johnson because "there is every reason to believe that prompt action would have produced a state vacatur order well over a year before he filed his § 2255 petition." Id.

In the instant case, Movant clearly filed his Section 2255 Motion within one year of the vacatur of his predicate State conviction. The Circuit Court of Mercer County filed its Agreed Order vacating Movant's State conviction on October 27, 2017, and Movant filed his instant Section 2255 Motion on February 21, 2018. The undersigned, however, finds that Movant failed to act with due diligence in challenging his State conviction. The record reveals that Movant's Criminal Judgment Order was entered in this Court on February 3, 2010, the United States Supreme Court entered its decision in Padilla on March 15, 2010, and approximately five years and three months later Movant filed his Writ of Error *Coram Nobis* in the Circuit Court of Mercer County (June 1, 2015). The undersigned rejects Movant's argument that he could not have challenged his State conviction prior the West Virginia Supreme Court's decision in Hutton. First, Movant argues that "before the Hutton decision, it was patently unclear that the common law writ Mr. Hill required was even available." Although the West Virginia Supreme Court clarified in

Hutton that the common law Writ of Error *Coram Nobis* was available only in criminal proceedings, the ambiguity of the law did not preclude Movant from filing such prior Hutton. Similar to Mr. Hutton, Movant could have filed a Writ of Error *Coram Nobis* challenging his State conviction and if such was denied, Movant could have appealed to the West Virginia Supreme Court. Furthermore, it is clear that the lack of the Hutton decision clarifying the availability of *coram nobis* did not delay Movant from challenging his State conviction. Movant filed his *pro se* Writ of Error *Coram Nobis* on June 1, 2015, prior to the Hutton decision (June 15, 2015) citing federal case law in support his right to file such. (Civil Action No. 1:18-00339, Document No. 61-11, pp. 4 – 5.) Accordingly, the alleged uncertainly of West Virginia law concerning whether Movant could challenge his State conviction by way of a Writ of Error *Coram Nobis* does not excuse his failure to act with due diligence.

Second, Movant argues that "[p]rior to Hutton, it may have been seen as less than clear, especially to the layperson untrained in the law, that [a] West Virginia Court would give correct and full application to Padilla, let alone recognize its extension beyond the immigration context." (Id.) As set forth in Johnson, Movant's *pro se* status does not excuse his delay. Further, Movant's claim that it was unclear that West Virginia courts would "give correct and full application to Padilla" is without merit. Padilla is a decision by the United States Supreme Court. There is no reason to doubt the courts in West Virginia would not recognize a decision by the United States Supreme Court. Next, Movant does not dispute that the Mercer County Circuit Court vacated his State convicted based upon Padilla. The Supreme Court entered its decision in Padilla on March 31, 2010, and Movant did not file his Writ of Error *Coram Nobis* until more than five years and three months later (June 1, 2015). The undersigned further rejects Movant's argument that it was unclear prior to Hutton that the West Virginia Court would recognize the extension of Padilla

11

"beyond the immigration context." (Document No. 65, pp. 2 – 3.) There is absolutely no indication that the West Virginia Supreme Court extended the application of <u>Padilla</u> beyond the immigration context in <u>Hutton</u>.[2] <u>State v. Hutton</u>, 235 W.Va. 724, 776 S.Ed.2d 621 (2015). A review of <u>Hutton</u> reveals that defendant was a non-citizen (Jamaican), similar to the defendant in <u>Padilla</u>. <u>Hutton</u>, 235 W.Va. at 726, 776 S.E.2d 623. Thus, the undersigned rejects Movant's argument that it only became clear that Movant was entitled to relief after West Virginia Supreme Court's decision in <u>Hutton</u>. The Circuit Court of Mercer County clearly granted Movant relief based upon <u>Padilla</u>, which was decided on March 31, 2010. The West Virginia Supreme Courts decision applying <u>Padilla</u> to a state court, non-citizen, defendant in <u>Hutton</u> does not excuse Movant's alleged delay in challenging his conviction based on <u>Padilla</u>. Movant's delay in challenging his State conviction (June 1, 2015) for more than five years and three months after the <u>Padilla</u> decision (March 15, 2010), and more than five years and four months after his federal conviction became final (February 17, 2010) does not constitute reasonable diligence. Based on the foregoing, the

---

[2] In 2002, the West Virginia Supreme concluded in *Appleby* "that the constitution does not 'require[] that a criminal defendant be advised of the possibility of habitual criminal proceedings prior to the entry of a guilty plea." *State v. Keith D.*, 235 W.Va. 421, 425, 235 S.E.2d 502, 506 (2015)(citing *State ex rel. Appleby v. Recht*, 213 W.Va. 503, 512, 583 S.E.2d 800, at 809 (2002)). On April 9, 2015, the West Virginia Supreme Court rejected the argument that its decision in *Appleby* was "questionable" after the United States Supreme Court's decision in *Padilla*. *Id.* Specifically, the West Virginia Supreme Court determined that "[b]ecause the Supreme Court's holding in *Padilla* deals specifically with deportation as a consequence of a guilty plea, *Padilla* does not affect this Court's holding in *Appleby* nor its underlying rational." *Id.* Finally, in Syllabus Point 4 of *Hutton*, the West Virginia Supreme Court stated as follows:

> Under *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), the Sixth Amendment requires defense counsel to warn an immigrant client of the deportation consequences of a guilty plea. When the deportation consequence is succinct, clear, and explicit under the applicable law, counsel must provide correct advice to the client. When the law is not succinct or straightforward, counsel is required only to advise the client that the criminal charges may carry a risk of adverse immigration consequences.

undersigned finds that Movant's Section 2255 Motion is untimely pursuant to Section 2255(f)(4).

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, supra, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir.

1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." <u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time. Movant, however, fails to indicate any factor beyond his control that prevented him from presenting his claim in a timely manner. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. As stated above, ignorance of the law is not a valid basis for equitable tolling. Therefore, Movant is hereby notified in accordance with the Fourth Circuit's decision in <u>Hill v. Braxton</u>, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2255 action be dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period. Notwithstanding the foregoing, the undersigned will briefly address the merits of Movant's claim.

2.     **Appellate Waiver:**

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To

14

succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 fn. 10, 96 S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack."[3] United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external

---

[3]  Although Movant disputes the validity of his career offender enhancement under the Sentencing Guidelines, he does present clear and convincing evidence that he is actually innocent of his charge which is the basis for his conviction.

to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4ᵗʰ Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

In his Motion, Movant challenges the validity of his sentence. (Civil Action. 1:18-0339, Document No. 52.) Specifically, Movant argues that the District Court erred in determining Movant qualified as a career offender pursuant U.S.S.G. 4B1.1. (Id.) Movant explains that the District Court determined that he was a career offender based upon two prior convictions for controlled substance offenses. (Id.) Movant, however, contends that "[o]n October 27, 2017 the

16

Circuit Court of Mercer County, West Virginia, entered an order in Case No. 15-C-353, granting defendant a Writ of Coram Nobis, vacating his conviction in Case No. 97-F-10, and dismissing such case with prejudice." (Id.) Movant explains that "[t]he conviction vacated by Mercer County Circuit Court referenced above was one of the predicate convictions upon which defendant was determined to be career offender." (Id.) Movant argues that the vacation of the above State court conviction renders Movant's designation and sentencing as a career offender invalid. (Id.) Movant claims that "upon resentencing a recalculation of the applicable sentencing guidelines should result in a reduction in petitioner's sentence." (Id.) In Response, the United States argues that Movant waived his right to pursue a collateral attack of his sentence in his knowing and voluntary plea. (Id., Document No. 61, pp. 18 – 21.)

In his written plea agreement, Movant agreed to waive his rights to appeal his conviction and sentence directly and challenge them under Section 2255 except on grounds of ineffective assistance of counsel. (Criminal No. 1:09-00117, Document No. 32, pp. 5 - 6.) It is well established that a defendant may waive his right to appeal or collaterally attack his conviction and sentence if the waiver was entered into knowingly and voluntarily. See United States v. Johnson, 410 F.3d 137 (4th Cir. 2005); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). "To determine whether a waiver is knowing and intelligent, this court examines 'the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement.'" United States v. Johnson, 480 Fed.Appx. 229, 230 (4th Cir. 2012)(citation omitted). Generally the waiver is valid and enforceable if a Court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy. Id.

The undersigned finds that Movant's plea agreement and appellate waiver were voluntary

and intelligent. In his Motion, Movant does not argue that his waiver was made unknowingly or unintelligently. (Civil Action. 1:18-0339, Document No. 52.) A review of the plea agreement further reveals that the waiver was clear and unambiguous. (Criminal Action No. 1:09-00117, Document No. 32.) Specifically, the plea agreement stated, in pertinent part, as follows:

> The parties reserve the right to appeal the District Court's determination of the adjusted offense level, prior to consideration of acceptance of responsibility, if the District Court's determination differs from that stated in paragraph 10 above [Adjusted Offense Level of 34].[4] Nonetheless, Mr. Hill knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to offense level 34. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 31.

> Mr. Hill also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

> The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

(Id., pp. 5 - 6.) The undersigned finds no indication that Movant did not understand the terms and consequences of signing the plea agreement. Considering Movant's educational background, the record reveals that Movant obtained his G.E.D. (Id., Document No. 45, p. 29 and Document No.

---

[4] In the plea agreement, Movant and the United States agreed based upon the Stipulation of Fact that the following provisions of the Sentencing Guidelines applied to Movant: (1) Base Offense Level of 32; (2) A two-level enhance for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1); and (3) An Adjusted Offense Level of 34. (Criminal Action No. 1:09-00117, Document No. 32, p. 5.) The undersigned notes that the Stipulation of Facts did not include reference to Movant's prior State conviction that was recently vacated. (Id., p. 32.)

60, p. 3.) Additionally, Movant's criminal history reveals that he is experienced with the criminal justice system. (Id., Document No. 45, pp. 19 - 24.) During the Plea Hearing, the terms of the plea agreement were thoroughly reviewed with Movant and he acknowledged that he understood the terms and consequences of signing the plea agreement. (Id., Document No. 60, pp. 5 - 19.) Further, the District Court thoroughly explained the appellate waiver to Movant during the Rule 11 colloquy and Movant acknowledged that he understood and agreed to the waiver. (Id., pp. 17 – 18.) Based on the foregoing, the undersigned finds that Movant's appellate waiver is valid as it was entered into knowingly, intelligently, and voluntarily.

Although appellate waivers are valid, the Fourth Circuit has refused to enforce valid appellate waivers in a narrow class of claims. United States v. Jones, 538 Fed.Appx. 285, 287 (4th Cir. 2013). Specifically, the Fourth Circuit has refused to enforce valid appellate waivers in following narrow class of claims: (1) A defendant's challenge to "a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race" (See United States v. Martin, 961 F.2d 493 (4th Cir. 1992)); (2) A defendant's challenge to a "sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of his Sixth Amendment right to counsel (See United States v. Attar, 38 F.3d. 727 (4th Cir. 1994); United States v. Johnson, 410 F.3d 137 (4th Cir. 2005)); and (3) The enforcement of the valid waiver would result in a miscarriage of justice (See Johnson, 410 F.3d at 151)). It is well recognized, however, that alleged errors in a district court's calculation of a petitioner's Guidelines range does not result in a sufficient miscarriage of justice unless the error causes the court to impose a sentence exceeding the statutory maximum. United States v. Foote, 784 F.3d 931, 939 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999). In Foote, the Fourth

Circuit considered whether a petitioner's *habeas* challenge to his sentence, which was based on a subsequently nullified career offender designation, was a fundamental defect that inherently results in a miscarriage of justice. Foote, 784 F.3d at 932. The Fourth Circuit explained that it declined to "declare that a fundamental defect or a complete miscarriage of justice has occurred in a situation in which [a petitioner] was (and on remand, would again be) sentenced under an advisory Guidelines scheme requiring individualized analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a)." Id. at 941(emphasis in original). In the instant case, Movant was sentenced under the advisory Guidelines and his sentence (188 months) clearly did not exceed the statutory maximum (30 years). The undersigned, therefore, finds that the error in calculating Movant's advisory Guideline range does not constitute a miscarriage of justice overcoming Movant's valid appellate waiver. See Jones, 538 Fed.Appx. at 287(finding no miscarriage of justice sufficient to overcome the appellate waiver where defendant argued the district court erred in calculating his Guideline range by including his uncounseled state court conviction in his criminal history score); also see United States v. Thornsbury, 670 F.3d 532, 538-39 (4th Cir. 2012)(Errors in computing a defendant's sentence does not render a sentence "illegal" or an appellate waiver unlawful. In entering into a plea agreement containing an appellate waiver, the petitioner assumed "the risk of unforeseen legal errors involving his sentence, and in exchange, he received increased certainly regarding the length of that sentence."); Sotirion v. United States, 617 F.3d 27, 36 (1st Cir. 2010)(Recognizing that the miscarriage of justice exception is meant for only "egregious cases" and should be applied "sparingly and without undue generosity." Finding that examples of miscarriage of justice include claims where a defendant's sentence exceeded the maximum statutory penalty or violated a material term of the plea agreement – not "garden-variety" claims

of error. A miscalculation of the advisory guidelines range is precisely the kind of "garden-variety" claim of error contemplated by the appellate waiver."); United States v. Andis, 333 F.3d 886, 892 (8th Cir. 2003)(finding that the miscarriage of justice exception is "extremely narrow" and noting that "an allegation that the sentencing judge misapplied the Sentencing Guidelines . . . is not subject to appeal in the face of a valid appeal waiver."); Baxter v. United States, 2018 WL 3764092, * 3 (W.D.N.C. Aug. 7, 2018)(finding that petitioner's sentence did not exceed the statutory maximum and an miscalculation of petitioner's criminal history does not give rise to a constitutional issue). The undersigned, therefore, fines that Movant waived his right to challenge the alleged error in the calculating of his advisory Guideline range. Accordingly, the undersigned respectfully recommends that the District Court determine that Movant's above *habeas* claim is precluded by his appellate waiver.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Amended Section 2255 Motion (Document No. 52) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall

have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: July 11, 2019.

Omar J. Aboulhosn
United States Magistrate Judge